IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID EARL McCORVEY, JR.  :

    Plaintiff,  :

vs.  :  CIVIL ACTION NO. 13-00118-WS-N

ALABAMA RIVER CELLULOSE LLC,  :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending in this action is the "Motion to Compel Discovery Responses from Defendant, Alabama River Cellulose, LLC…" (Doc. 117)[1] filed by Plaintiff David Earl McCorvey, Jr. ("McCorvey"), to which a response in opposition (Doc. 121) has been filed by Defendant Alabama River Cellulose LLC ("ARC"). Upon consideration, McCorvey's motion (Doc. 117) is due to be **DENIED** as untimely.

Under the Court's Second Amended Scheduling Order entered under Federal Rule of Civil Procedure 16(b), "[a]ll discovery [wa]s to be completed on or before **May 9, 2014**." (Doc. 72 at 2, ¶ 3). "Completed" was defined to include, *inter alia*: "motions to compel timely filed to give adequate time for the Court to consider them…" (Id.). No further extensions to the discovery deadline have been requested or made.

In his present motion to compel (Doc. 117), filed June 18, 2014, McCorvey asserts that he first learned of the photographs, witness statements, and incident report he

---

[1] McCorvey's motion also requests leave to file a surreply to the pending motion for summary judgment (Doc. 103) within two days of the Court's ruling on the motion to compel. That portion of the motion has been referred to the district judge assigned to this action, Chief Judge William H. Steele.

1

seeks to compel production of on May 8, 2014, when ARC served supplemental responses to McCorvey's request for production of documents. (Doc. 117 at 3, ¶ 4). In disclosing the existence of these materials in its supplemental responses, ARC also asserted that they were privileged from production under Federal Rule of Civil Procedure 26(b)(3)(A) as being "documents and tangible things…prepared in anticipation of litigation…" (<u>Id.</u>). The issue of these materials was again raised at a deposition held the following day, May 9, 2014, at which ARC again asserted privilege over them. (<u>Id.</u> at 5, ¶ 5). The parties then conferred further regarding these materials via email from May 21-23, 2014, with ARC continuing to assert privilege and refusing to produce them. (<u>Id.</u>). ARC timely filed its pending motion for summary judgment on May 23, 2014. (Doc. 103). McCorvey did not file the present motion to compel until two days before his response to the motion for summary judgment was due (<u>see</u> Doc. 108).

McCorvey admits that he first discovered the existence of the materials at issue before the deadline to complete discovery expired. However, he did not file a motion to compel within the deadline, nor did he even seek to have the deadline extended to allow for time to negotiate with opposing counsel regarding the issue. Instead, McCorvey waited until June 18, 2014, over a month after the close of discovery and two days before his response to ARC's motion for summary judgment was due, to file his present motion.

" '[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril … Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. ' " *Rogers v. Hartford Life &*

2

*Acc. Ins. Co.*, Civil Action No. 12-0019-WS-B, 2012 WL 2395194, at n.3 (S.D. Ala. June 22, 2012) (Steele, C.J.) (quoting *B.T. ex rel. Mary T. v. Dep't of Educ., State of Hawaii*, 637 F. Supp. 2d 856, 867 (D. Haw. 2009) (citation and internal quotation marks omitted)). The motion to compel (Doc. 117) is clearly untimely, and McCorvey has not provided good cause for bringing it at this late date. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Payne v. Ryder Sys., Inc. Long Term Disability Plan,* 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("The Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely."). *Cf. AB Diversified Enters., Inc. v. Global Transp. Logistics, Inc.*, No. 06-21308-CIV, 2007 WL 1362632, at *1 (S.D. Fla. May 7, 2007) (denying a motion to compel filed two months after the discovery deadline and after summary judgment motions were fully briefed). Accordingly, it is **ORDERED** that McCorvey's "Motion to Compel Discovery Responses from Defendant, Alabama River Cellulose, LLC…" (Doc. 117) is **DENIED**.

**DONE** and **ORDERED** this 1ˢᵗ day of July 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**