# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID EARL MCCORVEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0118-WS-N |
| | ) |
| ALABAMA RIVER CELLULOSE, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendant's motion to strike untimely witness designations. (Doc. 138). The parties have filed briefs in support of their respective positions, (Docs. 139, 143, 145), and the motion is ripe for resolution.[1]

The discovery period expired on May 9, 2014. (Doc. 72 at 2). On September 30, 2014, in their pretrial disclosures under Rule 26(a)(3), the plaintiffs for the first time identified Ernest Bullard, a former employee of the defendant or its predecessor. (Doc. 128 at 2; Doc. 139 at 1; Doc. 143 at 1). On October 13, 2014, in their (untimely) amended pretrial disclosures, the plaintiffs for the first time identified: (1) six truck drivers; (2) two past or present employees of the defendant or its predecessor (Joe Beasley and Jordan Bradshaw);[2] and a "corporate representative" of the defendant. (Doc. 134; Doc. 139 at 2-3; Doc. 143 at 2-4). Trial begins November 10, 2014. (Doc. 151 at 1).

A party is required to disclose, early in the litigation and without request by its opponent, "the name … of each individual likely to have discoverable

---

[1] The defendant's motion for leave to file a reply brief, (Doc. 144), is **granted**.

[2] The plaintiff states that Beasley "is believed to be an employee of the Defendant and certainly was an employee of the Defendant's predecessor." (Doc. 143 at 3). In other words, the plaintiff does not know whether Beasley is a current employee or not.

information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment ...." Fed. R. Civ. P. 26(a)(1)(A)(i). Such initial disclosures must be timely supplemented as needed. *Id*. 26(e)(1)(A). The history outlined above confirms gross violations of Rules 26(a)(1) and 26(e)(1).[3]

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was substantially justified or harmless." *Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc*., 725 F.3d 1377, 1381 (11th Cir. 2013) (internal quotes omitted).

The plaintiff asserts he did not become aware of Bullard until June 25, 2014 or of the truck drivers or Beasley until May 9, 2014. (Doc. 143 at 1-3). He has known of Bradshaw since at least early February 2014. (Doc. 143-1 at 31, 35, 44). The plaintiff offers no justification for not supplementing his initial disclosures to identify these known individuals for over three months (in the case of Bullard), almost five months (in the case of Beasley and the drivers), or almost eight months (in the case of Bradshaw). As to Beasley and Bradshaw, the plaintiff pleads

---

[3] Rule 26(a)(1) requires disclosure of "the name" of "each individual" the party may use to support its claims or defenses. The rule is not satisfied by a generic description such as "corporate representative." Rather, "'[t]he parties must provide the specific names of the individuals they might use as witnesses. It is not sufficient to identify them through the use of a collective description, such as "employees or representatives of the defendant."'" *Womack v. Smith*, 2012 WL 1245752 at *10 (M.D. Pa. 2012) (quoting 6 Moore's Federal Practice § 26.22[4][a][i]); *accord Bibolotti v. American Home Mortgage Servicing, Inc*., 2013 WL 2147949 at *6 (E.D. Tex. 2013); *McCroskey v. Allstate Insurance Co*., 2011 WL 940835 at *2 (D. Colo. 2011). The Court has previously so ruled. *Pritchett v. Werner Enterprises*, Civil Action No. 12-0182-WS-C, Doc. 122 at 2-4). Because listing a "corporate representative" does not amount to an initial disclosure, the plaintiff's calling of such a witness is foreclosed without need for further discussion.

"oversight," (Doc. 143 at 4, 6); as to the others, he is silent. Oversight may be an explanation, but it is not a justification, much less a substantial one.

The plaintiff's focus is on demonstrating that his failure to comply with Rules 26(a)(1) and 26(e)(1) was harmless. As to the truck drivers and Beasley, the plaintiff notes they were mentioned on property damage reports produced by the defendant. The plaintiff continues that the defendant has known the plaintiff intends to use the reports,[4] so it has had plenty of time to find and interview the persons mentioned therein. Thus, the plaintiff concludes, the defendant is not prejudiced by his tardy disclosure. (Doc. 143 at 2-4).

The problem with this argument is that, even if the defendant realized the plaintiff would use the reports, it had no reason to know the plaintiff would call Beasley (who signed some of the reports) or the drivers whose trucks were involved in the incidents made the subject of the reports. The entire point of initial disclosures is to require a party to distill for its opponent, from the vast universe of possible witnesses,[5] those the party may actually use in support of its case. If anything, the plaintiff's use of the reports on motion for summary judgment signaled that he would *not* call the drivers or Beasley but would rely on the reports. The plaintiff, who bears the burden, has offered no legal authority or reasoning to support his position.

As to Bullard, the plaintiff states he would testify to having seen pieces of log fly from the Powerfeed and land on the unloading pad and strike trucks there. (Doc. 143 at 1-2). As the Court is aware from the motion for summary judgment, the defendant's notice vel non of a danger from wood being ejected from the Powerfeed is a central issue in this case. The plaintiff suggests that Bullard's testimony is no big deal, and the defendant thus not prejudiced, because he has

---

[4] The reports figure prominently in the plaintiff's opposition to the defendant's motion for summary judgment, filed June 20, 2014. (Doc. 120 at 7, 14; Doc. 120-9).

[5] The plaintiff has listed over 50 trial witnesses. (Doc. 142 at 9).

other witnesses who can offer similar testimony, (*id*. at 2), but for all the Court can tell Bullard's testimony could be uniquely damning.

In the alternative, the plaintiff states he will consent to a deposition of Bullard if the defendant so desires. (Doc. 143 at 2). Discovery, however, ended over five months ago, and trial begins in barely two weeks. As the Court has previously noted, case law firmly supports the proposition that harm is present when the discovery period has closed, even if it is possible to re-open discovery before trial. *Bolton v. WJV Mississippi, Inc*., 2011 WL 482817 at *11 & n.19 (S.D. Ala. 2011).

Finally, the plaintiff suggests the defendant could just send its investigator to talk to Bullard. (Doc. 143 at 2). This solution is worse than the last. Among other deficiencies with this approach, there has been no showing that Bullard would talk without a subpoena, that he would provide full information (including information with which his credibility could be attacked), or that he would sign a sworn statement containing all such material so that he could not offer different testimony at trial. Notably, the plaintiff identifies no court that has ever considered the possibility of informal investigation to negate prejudice from a party's non-disclosure.

Bradshaw stands on different footing. Alone among the tardily identified witnesses, he is a current employee of the defendant. (Doc. 139 at 3). At various points this year, he signed the defendant's responses to interrogatories and requests for production in his capacity as "Safety and Health Leader." (Doc. 143-1 at 4). The plaintiff anticipates questioning Bradshaw about various discovery responses for which he signed, as well as addressing the authenticity of the property damage reports. (Doc. 143 at 4-5). As a current employee, the defendant has unfettered access to Bradshaw, and the plaintiff has supplied sufficient description of the topics on which he would examine Bradshaw that the defendant can easily prepare. The defendant does not deny any of this but instead attempts to brush aside the proposed lines of questioning as unnecessary. (Doc. 145 at 2-3).

That may furnish grounds for a relevance objection at trial, but it is not grounds for excluding Bradshaw as a witness under Rule 37(c).

For the reasons set forth above, the defendant's motion to strike untimely witness designations is **denied** with respect to Jordan Bradshaw and is in all other respects **granted**. The plaintiff will not be permitted to call as a witness at trial Ernest Bullard, Charles Garner, George Clinton Bradford, Larry O'Neal Montgomery, Preston Montgomery, Simon Patterson, Tyrone Walker, Joe Beasley, or any "corporate representative" not timely identified by name.

DONE and ORDERED this 24th day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE