## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DAVID EARL MCCORVEY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CIVIL ACTION 13-0118-WS-N |
| | ) |
| **ALABAMA RIVER CELLULOSE, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the defendant's motion in limine to exclude property damage reports. (Doc. 146). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 147-48, 169), and the motion is ripe for resolution.

The defendant (without citation to any authority) argues that the reports are double hearsay (what mill employees said that truck drivers said about property damage from logs ejected from the Powerfeed). The plaintiff responds that he offers the reports to prove the defendant's notice of a dangerous condition[1] and that such a purpose renders the evidence non-hearsay. The plaintiff is correct. *E.g., United States v. Lee*, 427 F.3d 881, 896 (11th Cir. 2005) ("Our examination of the transcript, however, reveals that the district court judge admitted these statements not for their truth, but for the non-hearsay purpose of showing notice that the financial transactions were not recognized and were unlawful."); *Benford v. Richards Medical Co.*, 792 F.2d 1537, 1540 (11th Cir. 1988) ("The deposition is evidence that Richards was on notice of the potential problems with using cast stainless steel in the Bechtol Total Hip. As evidence not offered to prove the truth

---

[1] The defendant insists that the plaintiff is required to prove it knew or should have known of the dangerous condition. (Doc. 142 at 3).

of the matter asserted, the deposition testimony was not subject to the general bar against hearsay and was properly admitted by the trial judge."); *Worsham v. A.H. Robins Co*., 734 F.2d 676, 686-87 (11th Cir. 1984) ("The documents [which "consisted of reports by doctors and company field representatives accompanied by responses from the Robins' doctor in charge of the Shield"] were properly submitted and admitted into evidence as proof of Robins' state of mind [i.e., its "notice that the Shield was connected with severe pelvic infection"] and therefore did not constitute hearsay."); *Collins ex rel. Kay v. Seaboard Coast Line Railroad Co*., 675 F.2d 1185, 1193 (11th Cir. 1982) ("Since the jury could consider the knowledge that the Railroad employees had of the occurrence of accidents at this crossing as notice of the crossing's dangerous characteristics, the evidence would not be hearsay. … The fact that the Railroad's employees had not personally witnessed the accidents which they stated they had heard about does not turn this evidence into hearsay.").

For the reasons set forth above, the defendant's motion in limine is **denied**.


DONE and ORDERED this 31st day of October, 2014.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE