IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID EARL MCCORVEY, JR.,  )
                           )
    Plaintiff,             )
                           )
v.                         ) CIVIL ACTION 13-0118-WS-N
                           )
ALABAMA RIVER CELLULOSE, LLC, )
et al.,                    )
                           )
    Defendants.            )

## ORDER

This matter is before the Court on the defendant's motion in limine to exclude testimony regarding the safe shed and the McCollum incident. (Doc. 149). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 150, 174), and the motion is ripe for resolution.

**I. McCollum Incident.**

The "McCollum incident" addresses events of February 17, 2011. (Doc. 120-9 at 37). The plaintiff agrees not to present testimony or other evidence about the McCollum incident unless the defendant opens the door by suggesting it is impossible for a log to fall from the Powerfeed in such a manner as to hit a log truck on the unloading pad. (Doc. 174 at 1-2). Accordingly, this portion of the motion in limine is **denied as moot**.

**II. Safe Shed.**

There is evidence that the defendant required drivers such as the plaintiff to leave their trucks and enter a "safe shed," and there is evidence that the plaintiff was in the process of doing so when he was struck by a log ejected from the Powerfeed. There is also evidence that, after the McCollum incident (which post-

dates the plaintiff's incident), the safe shed was moved to a location more remote from the Powerfeed. The defendant argues that evidence regarding the "location and relocation" of the safe shed is irrelevant and that evidence of its relocation is inadmissible as a subsequent remedial measure. (Doc. 150 at 2, 5-6).

The plaintiff responds that evidence of the safe shed's location at the time of his incident is relevant because it helps explain why he was where he was at the time of the incident. (Doc. 174 at 2-3). The Court agrees.

"When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove" negligence, culpable conduct, defect in a product or its design, or the need for a warning or instruction. Fed. R. Evid. 407. "But the court may admit this evidence for another purpose, such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures." *Id*.

As the plaintiff notes, (Doc. 174 at 4-5), the defendant has not attempted to show, or even to assert, that his injury would have been less likely to occur had the safe shed been in its current location. Without showing that Rule 407 applies, the defendant cannot obtain relief.

The plaintiff continues that, even if Rule 407 applies, he may introduce visual evidence of the property that depicts the current location of the safe shed, because he offers the evidence "for another purpose," specifically, to orient the jury to the condition and configuration of the scene; to show where he and his truck were in relation to the Powerfeed; to show where he was headed (and thus why he was where he was when he was struck); and to show (from the video) a log being ejected from the Powerfeed. (Doc. 174 at 5-7). The Court agrees that use of the evidence for these purposes does not offend Rule 407 even were the defendant to establish the rule's applicability.

The plaintiff denies any purpose of pointing out to the jury from the visual evidence that the safe shed had been moved after his incident. (Doc. 174 at 6). Nevertheless, the plaintiff claims he is entitled to present other, unidentified

evidence regarding the movement of the safe shed in order to "show the feasibility that the Safe Shed could have been located away from the Powerfeed." (*Id*. at 6-7).  If Rule 407 applies, however, feasibility of precautionary measures is a proper purpose for introducing evidence of subsequent remedial measures only if such feasibility is disputed by the defendant, and there is no suggestion that the defendant denies the safe shed could have been relocated earlier.

For the reasons set forth above, the defendant's motion in limine as to the safe shed is **denied**.[1]

DONE and ORDERED this 3rd day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff has identified excerpts from McCollum's video deposition for use at trial, (Doc. 160 at 1-2), to which the defendant has objected.  (Doc. 168).  If the Court's ruling herein, and/or the plaintiff's decision not to address the McCollum incident, do not moot all the defendant's objections, the parties are **ordered** to file, on or before **November 4, 2014**, a joint list of remaining objections, along with a copy of the deposition pages necessary to resolve those objections.  If McCollum's deposition will no longer be presented by video, the parties are **ordered** to file a joint statement to that effect, which will obviate pre-trial ruling on the objections.