# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID EARL MCCORVEY, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0118-WS-N |
| | ) |
| ALABAMA RIVER CELLULOSE, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion in limine to exclude testimony regarding the absence of other similar accidents. (Doc. 156). The defendant has filed a response, (Doc. 170), and the motion is ripe for resolution.

As set forth in more detail elsewhere, the plaintiff alleges he was injured when a log was expelled from the Powerfeed. Through the use of property damage reports and witness testimony, the plaintiff will attempt to show that the defendant had notice of previous incidents of logs being expelled into the unloading area, so as to furnish notice to the defendant of a dangerous condition for purposes of his premises liability claim.

The plaintiff first denies the defendant can produce evidence that there have been no episodes of wood ejected from the Powerfeed (or no episodes beyond those reflected in the property damage reports and the testimony of the plaintiff's witnesses). (Doc. 156 at 3). Given the defendant's insistence that there have been approximately 600,000 loads of logs fed into the Powerfeed over a ten-year period, (Doc. 106 at 15), it seems highly improbable that the defendant can produce a witness, or even a series of witnesses, who can establish that no piece of wood has ever been expelled from the Powerfeed, or expelled as far as, or

approximately where, the plaintiff says he was standing when struck. But it does not appear the defendant will try to do so. Instead, the defendant will have employees "testify as to their personal observations of the unloading process and that they have not seen logs 'fly out' of this machinery (either at all or at distances alleged by Plaintiffs)." (Doc. 170 at 6). Such testimony may not account for all 600,000 loads, and it may expose gaps in the witnesses' observations (presumably they had other duties beyond watching to see if and where logs were expelled), but if based on personal knowledge it is permissible.

It may be that the defendant's plans are more grandiose. At times, the defendant suggests it intends to show there has never been an incident in which a driver has been hit, or almost hit, by a log expelled from the Powerfeed. (Doc. 170 at 3, 5, 6). As discussed above, it is permissible for employees to testify that they personally have never observed such an incident, but such evidence would fall far short of showing that no such incident ever occurred. Perhaps there has been an absence of reports of such incidents, but it is not clear the defendant is prepared to present evidence that all such incidents (including what it terms "near misses," in which no person or property is damaged) would necessarily be reduced to written reports collected by the defendant or its predecessor and maintained until the present. The Court cannot preclude the defendant in advance from attempting to make a showing similar to that required under *Forrest v. Beloit Corp.*, 424 F.3d 344 (3rd Cir. 2005),[1] but unless it can do so it will not be permitted

---

[1] The plaintiff requests the Court to use the *Forrest* standard, (Doc. 156 at 2-3), and the defendant has offered no objection. Therefore, the Court will employ that standard.

to offer testimony or argument that no driver[2] has ever been hit or nearly hit by an ejected log.[3]

The plaintiff next objects to any testimony that the only reports of wood ejected from the Powerfeed are the reports produced in discovery. The plaintiff says such testimony is irrelevant and unfairly prejudicial because wood could be ejected from the Powerfeed even if no report reflects the incident, and he notes that his witnesses have testified to such episodes. (Doc. 156 at 3-4). But the number of reports seems clearly relevant, even if the number of episodes exceeds the number of reports because the expelled log did not hit a truck, or hit a truck without damaging it, or damaged a truck but the driver elected not to file a report. That there are differing inferences to be drawn from the absence of additional reports does not render such testimony irrelevant or unfairly prejudicial. The plaintiff's recourse is to argue for the inferences favorable to him (and against those unfavorable to him), not to exclude the testimony.

Although it is the plaintiff's motion, the defendant devotes a lot of ink to arguing that the plaintiff's "discrete theory of causation" is that he was struck by a log that "flew out" of the Powerfeed, such that incidents in which a log "fell from" or "came off" the Powerfeed cannot be substantially similar. (Doc. 170 at 4, 6-8). The defendant is mistaken in believing that "fell from" or "came off" are necessarily inconsistent with "flew out." The defendant appears to believe that an object must "come off" or "fall" only vertically, (*id*. at 4), but golf balls, arrows

---

[2] Oddly, the defendant appears unprepared to assert that no employees, or non-employees other than truck drivers, have been hit or nearly hit.

[3] Even if the defendant is unable to present evidence to prove the negative, it may of course point out any failure by the plaintiff to prove the positive.

and all sorts of objects fall to earth while also traveling horizontally. The defendant's semantic argument cannot defeat substantial similarity.[4]

For the reasons set forth above, the plaintiff's motion in limine is **denied**.

DONE and ORDERED this 3rd day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] This ruling does not preclude the defendant from attempting to establish that, where such terms are used in the property damage reports or witness testimony, what the individual intended to convey was directly vertical travel.