IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID EARL MCCORVEY, JR.,    )
                              )
    Plaintiff,              )
                              )
v.                            ) CIVIL ACTION 13-0118-WS-N
                              )
ALABAMA RIVER CELLULOSE, LLC, )
et al.,                       )
                              )
    Defendants.             )

## ORDER

This matter is before the Court on the plaintiff's motion in limine to exclude prior criminal arrest, conviction and driving records. (Doc. 153). The defendant has responded, (Docs. 155, 159), and the motion is ripe for resolution.

### I. Plaintiff's Arrest.

The plaintiff seeks the exclusion of any evidence of his arrest (without conviction) for domestic violence, on the grounds of irrelevance and failure to comply with Rule 609(a). (Doc. 153 at 2). The defendant states it does not intend to introduce such evidence. (Doc. 155). Accordingly, this portion of the motion in limine is **denied as moot**.

### II. Driving Records.

The plaintiff seeks the exclusion of any evidence concerning his driving record or the driving record of any other log truck driver witness, on the grounds of irrelevance. (Doc. 153 at 2). The defendant states it does not intend to introduce such evidence. (Doc. 155). Accordingly, this portion of the motion in limine is **denied as moot**.

**III. Joseph Robinson's Conviction.**

In 2005, plaintiff's witness Joseph Robinson was convicted of second-degree rape (specifically, statutory rape), a felony, for which he served time before being released in 2008. (Doc. 159-1).

"The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: … for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence … must be admitted, subject to Rule 403, in a civil case …." Fed. R. Evid. 609(a)(1).

Because Robinson was convicted of a felony less than ten years ago, the conviction must be admitted unless, under Rule 403, "the probative value [of the evidence] is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[1] The plaintiff argues that the probative value of Robinson's conviction is substantially outweighed by the danger of unfair prejudice. (Doc. 153 at 2-3).

Without citing any authority, the plaintiff argues that the Rule 403 test should consider: (1) the correlation between the crime and one's character for truthfulness; (2) the similarity of the crime to the present action; and (3) the temporal closeness or remoteness of the conviction. (Doc. 153 at 3). The defendant, citing a Seventh Circuit case, agrees with the first and third factors but argues the second is irrelevant when the witness is a witness in a civil case and not the defendant in a criminal case. The defendant would also add as factors: (4) the importance of the witness's testimony; and (5) the centrality of the credibility issue. (Doc. 159 at 2-3 (citing *United States v. Nurudin*, 8 F.3d 1187, 1191-92 (7th Cir. 1993)).

---

[1] Since Robinson's conviction and release occurred within the past ten years, the special balancing test of Rule 609(a)(2) does not apply.

2

The Court agrees with the defendant that the plaintiff's proposed second factor is inapposite in the civil context. The Court utilizes the remaining four factors identified by the parties, as two are agreed and the others seem plainly relevant to the analysis.

As to the first factor, the plaintiff argues that a conviction for rape says very little about one's character for truthfulness. "The implicit assumption of Rule 609 is that prior felony convictions have probative value," but "[t]heir probative value … necessarily varies with their nature …." *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998). Specifically, "[c]rimes involving dishonesty or false statement are often more probative of the witness's lack of credibility than even more serious crimes involving violence." *United States v. Cathey*, 591 F.2d 268, 276 (5th Cir. 1979). "Rape is not a crime involving dishonesty or false statement …." *Czajka v. Hickman*, 703 F.2d 317, 319 n.1 (8th Cir. 1983). Moreover, "we hardly need state that rape and sexual assault convictions are among the most prejudicial types of information the jury could learn about a plaintiff in a civil suit." *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994). Thus, "[i]t is within the district court's discretion to conclude that the nature of [a witness's] sexual offense might inflame the jury [and] could easily have distracted the jury from its task without adding any real probative information to their deliberations." *United States v. Ford*, 17 F.3d 1100, 1103 (8th Cir. 1994).

The defendant attempts to salvage this factor by arguing that, since Robinson was convicted of statutory rape, presumably no force was involved in the crime, and he continues that, absent force, it is probable that Robinson used "artifice, tricks, schemes and/or flimflam" in order to have consensual sexual relations with the victim. (Doc. 159 at 2). This is pure speculation on the defendant's part, and it does not alter the analysis in the preceding paragraph.

As to the second factor, Robinson was convicted in March 2005, almost ten years ago. The defendant notes that Robinson was released closer to six years ago, (Doc. 159 at 3), but the case on which the defendant relies focuses on the date of

conviction, not the date of release. *Nurudin*, 8 F.3d at 1192. The relative remoteness of the conviction weighs against its use as impeachment.

As to the final two factors, Robinson's testimony is critical, for no other witness (not even the plaintiff) claims to have witnessed the incident, and the credibility of his testimony is central for the same reason and because he has given non-identical statements as to what he witnessed. These factors weigh in favor of informing the jury that Robinson is a convicted felon but, as discussed above, they do not change the fact that the nature of his crime adds little if anything to the assessment of his credibility while it adds a great deal of pointless prejudice to the plaintiff.[2]

After performing the balancing required by Rules 609(a)(1) and 403, the Court concludes that the defendant should be permitted to show that Robinson has a felony conviction, that the conviction occurred in March 2005, and that Robinson was incarcerated until 2008. To this extent, and this extent only, the plaintiff's motion in limine is **denied**.

Rule 609(a)(1) "requires a district court to admit evidence of the nature and number of a non-defendant witness' prior felony convictions." *Burston*, 159 F.3d 1336. However, such information can be excluded in a proper case under Rule 403. *Id*. This is such a case. The Court concludes that any information beyond that listed in the preceding paragraph – including without limitation the nature of the crime (second-degree rape or statutory rape), the age of the victim and how many incidents there allegedly were – should be excluded because any marginal

---

[2] The defendant presumably recognizes the prejudicial impact of such information, as it dropped a footnote in its brief on motion for summary judgment to be sure the Court was aware that Robinson had been convicted of "statutory rape" and "must register as a sex offender." (Doc. 106 at 13 n.12). Since, as the defendant admittedly recognized, (*id*. at 2), the Court cannot consider credibility on a motion for summary judgment, the only possible purpose for placing this evidence in the record was to prejudice the judicial mind against the plaintiff's case. Much the same can be said of the defendant's gratuitous inclusion in its present opposition brief of the age of the victim and Robinson and of the alleged number of times they had relations. (Doc. 159 at 2).

probative value of this information is substantially outweighed by the risk of unfair prejudice to the plaintiff. To this extent, the plaintiff's motion in limine is **granted**.

**IV. Robinson's Arrest.**

Although not a subject of the plaintiff's motion, the defendant seeks a ruling allowing it to introduce evidence that, in 2013, Robinson was arrested for failure to register as a sex offender. The defendant does not explain, and the Court does not perceive, how this information could be admissible.[3] Accordingly, the defendant's request, construed as a motion, is **denied**.

DONE and ORDERED this 3rd day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The defendant notes that Robinson was "jailed" after the arrest, (Doc. 159 at 2), but that fact fails to establish that he was convicted of a crime, much less that the crime either was a felony or that it involved dishonesty or false statement.